GEORGIA,
Chatham Co.
Nov. 1809.

Ross
vs.
Grimball.

*Minutes of Superior Court, letter G. p. 246.*

*Chambers, Nov. 25, 1809.*

### Ross *vs.* GRIMBALL.

#### IN EQUITY.

By *Charlton,* Judge.

THE special jury of Liberty county having decreed a specific performance of the contract between *Grimball* and *Ross,* upon the former giving good and sufficient titles to the latter, and this court having referred it to the clerk of the Superior Court of Liberty, to report on the sufficiency of the titles tendered by *Grimball,* in pursuance of the mandate of the special jury, an injunction was granted until that came in. This report has been transmitted agreeably to the order of the court, and a motion is now made for a dissolution of the injunction, upon, I think, two grounds.

1. Because all the muniments of the estate, establishing a regular deduction of title, appear to have been tendered by *Grimball* to *Ross,* in conformity to the decree of the special jury ; and,

2. Because Mr. *Ross* has acquiesced in the sufficiency of those titles.

Mr. *Harris,* with considerable ingenuity and ability, endeavoured to show the insufficiency of the titles, as they are traced and enumerated in the report of the officer whom I had constituted, for this purpose, master in chancery, and he contended the links of the chain between          were so completely broken, that, with these titles in his possession, Mr. *Ross* could not defend himself in ejectment. I agree with Mr. *Harris,* that the good and sufficient titles meant by the special jury, are such titles as would defeat a recovery in ejectment against the defendant. If, therefore, any links

are broken, or step removed, the titles have not been tendered in conformity to the intention of the special jury. The solicitor general seemed, in his argument, to controvert the position, that this court has any control over the verdict or decree of a special jury ; and he therefore thought the course taken in this case, was very much opposed to the simplified genius and policy of our system of jurisprudence. The law certainly declares, that the verdict of a special jury shall be final and conclusive ; and whenever it is conclusive, I shall consider it my duty to reverence and respect it ; but whenever it terminates no dispute, nor adjusts any right, is it then that hallowed thing so solemnly consecrated by the judicial act ? I think there is no heresy in a denial of the authority of a verdict of special jury that is not final and conclusive, because such a denial would be founded upon the plain text of the law. Is this verdict conclusive ? It is very far from being so. It does not assume the technical form of a chancery decree, but it amounts to a decree for the specific performance of a contract dependent upon acts subsequently to be done by the party who seeks for that specific performance. " We give you (in substance, say the jury,) the money the bargainee engaged to pay for the land, provided you give good and sufficient titles." Did the special jury intend or mean that the bargainor should be the judge of the sufficiency of the titles ; that any titles he tendered should be good and sufficient titles ; certainly not : then there is a verdict that is not final and conclusive, and it can be only made so in three ways, by the interposition of another jury, or by the interposition of this court, or by the consent of the bargainee to receive such titles as the bargainor may choose to tender him. Now it appears to me that another jury could not interpose, because there is no fact for their determination, the sufficiency or insufficiency of titles, in this case, being a question of law ; the special jury must, therefore, have contemplated a reference to the court to decide, whether such titles were tendered as established an incontrovertible right in the grantor. The special jury and the court

GEORGIA,
Chatham Co.
Nov. 1809.

Ross
vs.
Grimball.

35

GEORGIA,
Chatham Co.
Nov. 1809.

Ross
vs.
Grimball.

sat and acted in the capacity of chancellors ; and they pur-
sued the practice of chancery ; the one passed an interlo-
cutory provisory decree, leaving it to the other to render
it final, upon a compliance with certain terms imposed upon
the party who is to be benefited by it. Our system of juris-
prudence requires the co-operation of a special jury, in the
trial of equity cases ; but when the fact is blended with the
equitable principle of the bill, the jury may, if they please,
separate the fact from the law point, deciding upon the former
themselves, and submitting the other to the discretion of the
court ; and how many cases could be stated in the investiga-
tion of a complicated chancery bill, where the jury would be
compelled to act as they have done in the case now under
discussion. On some other occasion I shall pursue this in-
quiry with more method ; at present my only object is, to
suggest, through the medium of a few general remarks, my
opinion as to the competence of this court's interference, to
render conclusive and inconclusive, decrees in equity of a
special jury. Under the influence of this opinion, I would
now, without hesitation, proceed to decide upon the sufficien-
cy or insufficiency of the titles as reported by Mr. *Forester*.
I would give Mr. *Harris'* objections their full consideration,
and I would say whether the deeds, enumerated in the re-
port, would or would not trace out a clear title in ejectment,
and that would be the footing upon which my brother, *Noel*,
also placed the investigation. On the 28th March, 1809, the
special jury decreed as follows : " We find for the plaintiff,
eight thousand dollars, with interest from the 25th April, 1807,
and costs of suit ; and that the plaintiff make good and suffi-
cient titles to the plantation, Woodville ; titles to be made in
sixty days." On the 19th April, 1809, the following receipt
was tendered to, and signed by, Mr. *Ross ;* " Received, this
14th day of August, 1809, of *Paul Grimball,* the conveyances
for the plantation Woodville, with his titles, and the renuncia-
tion of dower from Mrs. *Sarah Grimball,* being, in all, as
complete, as decreed by the grand jury of Liberty county,
for the last March term, signed, *Francis Ross.*" *Consensus*

GEORGIA,
ChathamCo.
Nov. 1809.

Ross
vs.
Grimball.

*tollit errores;* if a man, with his eyes open, and apprized of his rights, voluntarily relinquishes a privilege which he might legally demand, he must abide by it, and stand at the loss, if there is no fraud, no circumvention, or deceit, no unfair advantage taken of the situation of the party contracting; a court of equity cannot, and will not, relieve him; the badness of a bargain is not, of itself, a sufficient ground to set aside a contract.

I say, that this receipt,—this acknowledgment of the suffieiency of *Grimball's* titles, was voluntarily and deliberately given by Mr. *Ross*, and at a time when he was fully apprized of all the rights which the law placed at his disposal ; for in his bill praying an injunction, which is dated 22d June, 1809, upwards of two months after the receipt, he alleges that the titles were tendered him in April, whilst there was, at that time, judgments against Mr. *Grimball*, operating as liens upon the Woodville plantation. Now it appears that he received the titles from *Grimball*, at the moment when he was apprized of the embarrassments which the judgments created ; he therefore neither suggests fraud, ignorance, surprise, or circumvention ; nor can any thing like them be inferred from all the circumstances of the transaction ; and I repeat, therefore, that there was a deliberate and voluntary waiver of any defectiveness in the title which he received and acknowledged to be complete, as decreed by the special jury of Liberty county.

It is ordered that the injunction be dissolved.

*Harris*, for Plaintiff.
*Noel*, for Defendant.